IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10 CR 601-1 |
| | ) | Honorable George W. Lindberg |
| KENNETH STEWARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR A SANTIAGO HEARING ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS OR FOR A PROFFER OF EVIDENCE**

NOW COMES the Defendant, Kenneth Steward, by and through his attorneys, Lawrence Wolf Levin and Michelle M. Truesdale, pursuant to Federal Rule of Evidence 104(a), and the *United States v. Santiago*, 582 F. 2d 1128 (7th Cir. 1978), respectfully moves this Honorable Court for a pre-trial hearing to determine the admissibility of any co-conspirator's statements which the government intends to introduce under the "co-conspirator's exception" to the Hearsay Rule. In the alternative, defendant moves for a pre-trial proffer of the independent evidence of the conspiracy that the government intends to introduce.

The government has agreed to provide a *Santiago* proffer four weeks prior to trial, however, the defendant requests that the proffer be provided eight weeks prior to trial to allow sufficient time to respond. In support thereof, the following is submitted:

1. Under Federal Rule of Evidence 801(d)(2)(E), a statement of a co-conspirator during the course of and in furtherance of a conspiracy is not hearsay if offered against a party.

2. Under the "co-conspirator's statements" exception to the Hearsay Rule, such statements may be admissible upon a showing by the government: (a) that a conspiracy existed; (b) that the statement was made during the course of, and in furtherance of the conspiracy; and (c) that the declarant and the defendant were both members of the alleged conspiracy.

3. Under Federal Rule of Evidence 104, the trial court has the responsibility of determining the admissibility of co-conspirator's declarations out of the presence and hearing of the jury.

4. The preferred order of proof in a conspiracy case is to require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of co-conspirator's.

5. Fulfillment of the conditions of admissibility of co-conspirator's statements must be established from evidence independent of the co-conspirator's statements themselves.

6. A pre-trial hearing on the issue of admissibility eliminates any possibility of prejudice to the defendant. The same may not be true with respect to a limiting instruction given after the statement has been presented to the jury.

Defendant respectfully requests that this Honorable Court conduct a pre-trial hearing, outside the presence and hearing of the jury, to determine whether:

(a) the alleged conspiracy exists;

(b) whether the statements sought to be introduced were made during the course of and in furtherance of the conspiracy; and

(c) whether the declarant(s) and the defendant were members of the alleged conspiracy.

In the alternative, defendant requests a proffer by the government, at least eight weeks before trial, which would present independent evidence of the conspiracy sufficient to permit the admissibility at trial of any co-conspirator statements and notice regarding the nature and substance of those statements. The Government has indicated its intent to disclose such evidence one month prior to trial. Given the complex nature of this litigation as well as the extensive discovery, the Defendant requests disclosure eight weeks prior to trial.

Respectfully submitted,

S/ Lawrence Wolf Levin
LAWRENCE WOLF LEVIN

S/ Michelle M. Truesdale
MICHELLE M. TRUESDALE

LAWRENCE WOLF LEVIN
MICHELLE M. TRUESDALE
Law Offices of Lawrence Wolf Levin
214 W. Ohio St., 5th Floor
Chicago, IL 60654
(312) 236-7543